1 | jiazhengcpl

2 | LEONARDO M. RAPADAS
United States Attorney
3 | RUSSELL C. STODDARD
First Assistant U.S. Attorney
4 | Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
5 | Hagåtña, Guam 96910
TEL: (671) 472-7332
6 | FAX: (671) 472-7334

7 | Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

APR - 6 2005

MARY L.M. MORAN
CLERK OF COURT

8

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE TERRITORY OF GUAM

11

| | |
|---|---|
| 12 UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. **05-00006** |
| | ) |
| 13         Plaintiff. | ) **COMPLAINT** |
| | ) |
| 14       vs. | ) **USE OF ALTERED PASSPORT** |
| | ) [18 U.S.C. § 1546] |
| 15 JIA HE ZHENG, aka | ) |
| JEFF SHUI-WAH WONG, and | ) |
| 16 BING JIN CHEN, aka | ) |
| TONYA WING-SEE CHIANG, | ) |
| 17 | ) |
|         Defendants. | ) |
| 18 _____ | ) |

19 | THE UNDERSIGNED COMPLAINT CHARGES UPON INFORMATION AND BELIEF
THAT:

20

21 |     On April 2, 2005, in the District of Guam, defendants JIE HE ZHENG and BING JIN

22 | CHEN, did unlawfully and knowingly use false Canadian Passports, by presenting said document

23 | to an officer of the U.S. Customs and Border Protection in an attempt to enter the United States,

24 | knowing said passports to be falsely made and issued, said passports being prescribed by statute

25 | or regulation for entry into the United States, all in violation of Title 18, United States Code,

26 | Section 1546.

27

28 |                                 1

COMPLAINANT FURTHER STATES:

I, Manuel Candela, Jr., am a Special Agent, formerly with the United States Immigration and Naturalization Service, now with the United States Immigration and Customs Enforcement, a component of the Department of Homeland Security. I have been employed by these two agencies for over 19 years.

1. My duties include investigation of violations of Titles 8 and 18 of the United States Code as they apply to violations of immigration laws. The information contained in this affidavit is based on witness interviews and the collection of evidence conducted by the affiant. Based on my knowledge, training and experience with the Immigration and Nationality Act (I&NA), I hereby make the following affidavit relating to the above named defendants:

2. On April 2, 2005, a male and a female of Asian descent, and later identified as Jia He ZHENG and Bing Jin CHEN, arrived from Tokyo, Japan on the Continental Airlines Flight CO 007 and presented themselves for inspection before U.S. Customs and Border Protection (CBP) officers. Both presented Canadian passports and were admitted as Canadian visitors.

3. On April 5, 2005, ZHENG and CHEN presented themselves at Pre-Inspection before CBP officers for the Continental Airlines Flight CO 002 to Hawaii. They presented their Canadian passports to CBP officer Scott Duenas.

4. ZHENG and CHEN presented CBP officer Duenas Canadian passports nos. VK032505 and VK033805, respectively, and boarding passes to Hawaii. ZHENG's passport was issued to Jeff Shui-Wah WONG, and CHEN's passport was issued to Tonya Wong-See CHIANG,. Officer Duenas referred them to secondary for further investigation because of their lack of English communication skills and their evasive answers to basic travel questions. Neither ZHENG nor CHEN had in their possession any type of Canadian identification cards in support of the documents already presented.

5. In secondary with the assistance of Mandarin interpreter Susan Harrell, CBP Customs Enforcement Officer (CEO) Edith Conway interviewed the CHEN who admitted traveling with the ZHENG and knowing him for the three months prior to arriving on Guam. ZHENG was

2

1  interviewed by CBP officer Byron Farley but was evasive in his response or offered no response

2  at all.

3       6. ZHENG and CHEN were turned over to Special Agents Manuel Candela, Jr. and

4  Timothy Conway for further investigation. Utilizing Interprettalk Language Services no. 294271

5  in the Mandarin language, I advised ZHENG of his Miranda rights. The interview ended after

6  ZHENG requested an attorney's advice before continuing further with the interview. ZHENG

7  signed the Form I-214 (Warning as to Rights) used in the rights advisement with the name Jia He

8  ZHENG not with the name in the Canadian passport.

9       7. CHEN was advised of her Miranda rights per Form I-214 utilizing Interprettalk no.

10  294274 in the Mandarin language by SA Conway. CHEN waived her right to an attorney and

11  stated that she resides in China and that her relatives made arrangements for her travel to the

12  United States but she does not know how much her parents paid. She received her fake passport

13  and airline tickets while on a flight from Shenyang, China to Tokyo, Japan from a Taiwanese

14  man named HUANG. She claimed her relatives told her that she would be using a fake passport

15  to enter the U.S. CHEN traveled with her friend Jia He ZHENG.

16       8. On April 6, 2005, CBP officer Edith Conway examined the Canadian passports

17  presented by ZHENG (aka: WONG, Jeff Shui-Wah) and CHEN (CHIANG, Tonya Wing-See) to

18  determined if they were altered passports. Based on her experience and training, officer Conway

19  determined that the passports were altered by using the split biographic page technique.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  3

Based on the foregoing, I have probable cause to believe that defendants Jia He ZHENG aka: Jeff Shui-Wah WONG and Bing Jin CHEN aka: Tonya Wing-See CHIANG committed the offense of possession and using altered passports, in violation of 18 USC §1546.

FURTHER AFFIANT SAYETH NAUGHT.

MANUEL CANDELA, JR.
Special Agent
Immigration & Customs Enforcement

SUBSCRIBED AND SWORN TO before me on this 6th day of April 2005.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge
District Court of Guam

4